**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**GREGORY J. CAIN,**<br><br>Defendant. | CASE NO. 3 22 cr 0088<br><br>JUDGE MICHAEL J. NEWMAN<br><br>**INDICTMENT**<br>21 U.S.C. § 846<br>21 U.S.C. §§ 841(a)(1) and (b)(1)(B)<br>21 U.S.C. §§ 841(a)(1) and (b)(1)(A)<br><br>**FORFEITURE** |

**THE GRAND JURY CHARGES:**

**COUNT 1**
**[21 U.S.C. § 846]**

On or about May 13, 2021, in the Southern District of Ohio, defendant **GREGORY J. CAIN**, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to knowingly and intentionally possess with intent to distribute and distribute:

    a.    40 grams or more of a mixture or substance containing a detectable amount of fentanyl, also known as N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl], a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and

    b.    500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

All in violation of 21 U.S.C. § 846.

**FORFEITURE ALLEGATION 1**

Upon conviction of the offense set forth in Count 1 of this Indictment, defendant **GREGORY J. CAIN** shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any

property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and (2) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the following:

- $4,241.00 in U.S. currency;
- Two loaded 9mm Glock magazines;
- One full box of 50 rounds of 9mm ammunition; and
- One box of 9mm ammunition containing 5 rounds.

## FORFEITURE ALLEGATION 2

Upon conviction of the offense set forth in Count 1 of this Indictment, defendant **GREGORY J. CAIN** shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in such violation, including but not limited to, the firearms and ammunition listed in Forfeiture Allegation 1.

## SUBSTITUTE ASSETS

If any of the property described above in Forfeiture Allegations 1 and 2, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) or as incorporated by 28

U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

A TRUE BILL

/S/

FOREPERSON

**KENNETH L. PARKER**
**UNITED STATES ATTORNEY**

**AMY M. SMITH (0081712)**
**Assistant United States Attorney**